IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MIRIAM MILLER,                                                CASE NO.:  1:19-cv-25144

      Plaintiff,
v.

ROYAL CARIBBEAN CRUISES, LTD.,

      Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, MIRIAM MILLER ("Plaintiff"), by and through undersigned counsel, hereby sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("Defendant"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This Court has jurisdiction under the general maritime law of the United States.

2. At all times material hereto, Plaintiff was and remains a resident of the State of Florida and is sui juris.

3. Defendant is a Liberian Corporation that maintains its principal offices in Miami-Dade County, Florida.

4. At all times material, Defendant personally or through an agent:

    A. Operated, conducted, engaged, and/or carried on a business venture in the State of Florida, and in particular, Miami-Dade County, Florida;

    B. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

    C. Operated vessels and provided vessels for cruises in the waters of this state; or

        D.  Committed one or more of the actions as set forth in Florida Statutes, Sections 48.081, 48.181, or 48.193, which submit Defendant to the jurisdiction and venue of this Court.

5.     Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1333, under its maritime jurisdiction.

## GENERAL ALLEGATIONS

6.     At all relevant times, Defendant owned and operated a passenger cruise ship known as the "Independence of the Seas" (hereinafter referred to as "Ship"), such vessel being used as a passenger cruise vessel.

7.     On or about May 4, 2019, Defendant's Ship left port from Fort Lauderdale, Florida.

8.     The cruise was to last through May 18, 2019.

9.     On or about May 18, 2019, the Ship reached its final destination at the Port of Southampton, England.

10.    At all relevant times, Plaintiff was lawfully and legally aboard such vessel as an invitee and paying passenger with the actual and/or constructive consent to be physically present aboard such vessel.

11.    All conditions precedent to the filing of this action have been performed, waived or otherwise satisfied.

12.    On or about May 18, 2019, Plaintiff was in the process of disembarking from the Ship and went into Defendant's area designated for cruise passengers to leave the Ship and retrieve their luggage.

13.    After retrieving her luggage, Plaintiff was then directed into a passenger waiting area where taxis and other modes of transportation came to take cruise passengers away from

Defendant's designated disembarkation area.

14. Defendant controlled the disembarkation process and all relevant areas of disembarkation described in this complaint.

15. All workers in the disembarkation area were employees or agents of Defendant.

16. While waiting for her driver to arrive to take Plaintiff away from Defendant's disembarkation area, Plaintiff was struck by a driver operating a forklift carrying a luggage pallet.

17. Plaintiff sustained serious bodily injury.

18. Plaintiff was driven to a local hospital for emergency treatment.

19. Defendant was immediately put on notice of the accident and made a written "Incident Report Form" on May 18, 2019.

20. Plaintiff also sent written notice of her injury to Defendant at Royal Caribbean Cruises, Ltd., 1050 Caribbean Way, Miami, Florida, 33132, within six months of her injury.

21. Defendant owed Plaintiff a duty of reasonable care under the circumstances for the benefit of Plaintiff and other passengers.

22. At all times material hereto, Defendant was negligent by failing to exercise reasonable care under the circumstances by, inter alia:

   A. Designing and/or maintaining an unsafe disembarkation area;

   B. Designing and/or maintaining an unsafe disembarkation process;

   C. Failing to make proper and/or appropriate markings in the disembarkation area for the safety of passengers such as Plaintiff;

   D. Negligently operating the forklift as to collide with Plaintiff;

   E. Failing to warn Plaintiff of the forklift operations in the area.

23. As a direct and proximate result of the negligence of Defendant, Plaintiff has

sustained serious and permanent injuries.

## **CLAIMS FOR DAMAGES**

24. As a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff has in the past and will in the future continue to suffer the following damages:

    A.   Bodily injury;

    B.   Pain and suffering;

    C.   Disability;

    D.   Disfigurement;

    E.   Loss of capacity for the enjoyment of life;

    F.   Aggravation of pre-existing conditions;

    G.   Medical and hospital care and expenses;

    H.   Loss of earnings;

    I.   Loss of earning capacity in the future;

    J.   Rehabilitation expenses; and

    K.   Mental distress.

WHEREFORE, the Plaintiff, Miriam Miller, demands judgment against the Defendant, Royal Caribbean Cruises, Ltd., for damages and DEMANDS TRIAL BY JURY.

Dated this 13th Day of December 2019.

                                                Respectfully submitted,

                                                *s/ John L. Urban*
                                                John L. Urban, Esq.
                                                Fla. Bar No. 0175307
                                                Matthew A. Leibert, Esq.
                                                Fla. Bar No. 0752266
                                                Attorneys for Plaintiff
                                                **URBAN THIER & FEDERER, P.A.**

> 5782A S. Semoran Blvd.
> Orlando, Florida 32822
> Tel.    407-245-8352
> Fax.    407-245-8361
> Email:  leibert@urbanthier.com